# ILLINOIS CENTRAL RAILROAD COMPANY *v.* THE PEOPLE OF THE STATE OF ILLINOIS.

IN ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

Decided May 7th, 1883.

*Mr. John A. Campbell* and *Mr. John N. Jewett* for plaintiff in error.

*Mr. James McCartney,* Attorney-General of Illinois, *Mr.*

*James K. Edsall*, and *Mr. John B. Hawley* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.
The case follows in all respects *Ruggles* v. *Illinois*, *ante*.

This case, like that of *Ruggles* v. *Illinois*, just decided. presents the question whether the State of . Illinois has entered into a contract with a railroad corporation not to exercise the legislative power to regulate charges for the carriage of persons and property upon the railroad of the corporation. It is not necessary in this case, any more than it was in the other, to inquire whether the power of legislative regulation, in this particular, is one that can be bargained away, because here, as there, we are of opinion that no such thing was intended. The provision of the charter of the Illinois Central Railroad Company relied on, as showing a contract, is almost identical with that of the Central Military Tract Company considered in the Ruggles case, and in the following words:

"SEC. 8, The said company shall have power to make, ordain, and establish all such by-laws, rules and regulations as may be deemed expedient and necessary to fulfil the purposes and carry into effect the provisions of this act, and for the well ordering, regulating, and securing the affairs, business, and interests of the company; *Provided*, That the same be not repugnant to the Constitution and laws of the United States or of this State, or repugnant to this act. The board of directors shall have power to establish such rates of toll for the conveyance of persons and property upon the same as they shall from time to time by their by-laws direct and determine, and to levy and collect the same for the use of said company. The transportation of persons and property, the width of track, the construction of wheels, the form and size of cars, the weight of loads, and the other matters and things respecting the use of said road and the conveyance of passengers and property, shall be in conformity to such rules and regulations as said board of directors shall from time to time determine. Nothing in this act contained shall authorize said corporation to make a location of their track within any city without the consent of common council of said city."

What was said in the other case as to the construction of section six of that charter is applicable to this, and, referring to the opinion in that case for the reasons,

*We affirm this judgment.*

FIELD, J.—I concur in the judgment in this case for the reason expressed for my concurrence in the decision of *Neal Ruggles* v. *The People of the State of Illinois.*

HARLAN, J.—For the reasons stated in my dissenting opinion in *Ruggles* v. *People of Illinois,* I dissent from the opinion of the court, but concur in affirming the judgment.

MR. JUSTICE BLATCHFORD took no part in the decision of this case.